P. STERLING KERR, ESQ.
Nevada Bar No. 003978
MARVIN L.P. SIMEON, ESQ.
Nevada Bar No. 11712
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074
Telephone No. (702) 451-2055
Facsimile No. (702) 451-2077
Email: psklaw@aol.com
Attorneys for Defendants, STINGER SYSTEMS, INC., and
ROBERT GRUDER

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TASER INTERNATIONAL, INC., a Delaware Corporation, | Case No.: 2:09–CV –00289–KJD -PAL |
| Plaintiff, | |
| VS. | |
| STINGER SYSTEMS, INC., a Nevada Corporation; JAMES F. MCNULTY, JR., a Nevada Resident, and ROBERT GRUDER, a Florida Resident, | |
| Defendants. | |

**DEFENDANT STINGER SYSTEMS, INC.'S AND ROBERT GRUDER'S RESPONSE TO TASER INTERNATIONAL, INC.'S MOTION TO COMPEL, MOTION FOR PROTECTIVE ORDER, AND REQUEST FOR EXPEDITED RULING OR TELEPHONIC HEARING**

Come Now Defendants Stinger Systems, Inc. and Robert Gruder, by and through their counsel of record, the Law Offices of P. Sterling Kerr and respond to

Plaintiff Taser International, Inc.'s Motions to Compel, for Protective Order, and for Sanctions and Request for Expedited Hearing. Defendant James McNulty hereby joins in this response.

### Points And Authorities

Taser moves this Honorable Court for the requested relief solely on the basis of 2 unwarranted assumptions. First, Taser presumes that Defendant McNulty has wrongfully withheld evidence from it in violation of FRCP 26(a)(1). FRCP 26(a)(1)(A)(i & ii) require a party disclose all witnesses and "documents, electronically stored information, and tangible things" that she/he/it "may use to support its claims, unless the use would be solely for impeachment;" ... "without awaiting a discovery request". (emphasis added) A party is expressly permitted under the rule to withhold impeachment evidence from initial disclosure. Unless one or more of Taser's witnesses are evasive liars and perjurers, then it need not worry at all about such provision. If, however, one or more of Taser's witnesses are evasive liars and perjurers, then, it has no reason to here complain, as the social policy behind allowing parties to withhold impeachment evidence, like the incriminating September 26, 2008 e mail "SCRIPT OUTLINE" from Taser to Feldman and John Chudy's elaborating testimony, is, precisely, to facilitate a truth seekers "surprise" and "ambush" of bearers of false witness.

- 2 -

FRCP(b)(1) also limits the general scope of a parties discovery to "non privileged matter". In part because of the astounding breadth of Plaintiff's production request, Defendant McNulty asserted his 5th and 14th amendment privilege against retrieving or identifying the location of requested financial documents. Stinger's request for production of certain McNulty financial documents at deposition is far more circumscribed and allows for redaction to avoid incrimination. Also, Taser 's Motion Exhibit "A "is misleading. Plaintiff only shows the Court the 19 pages of documents that Attorney/Defendant McNulty produced with his Rule 26 Initial Disclosure before his former legal clients Stinger and Gruder twice thereafter expanded the scope of their waiver of attorney/client privilege. Attorney McNulty subsequently on June 8, 2010 then produced some half inch thick of additional documents to Plaintiff in full compliance with the Rules.

Plaintiff also presumes that in large measure McNulty shall not be citing to additional content of the audio tapes, which were within only the last month transcribed and produced by Plaintiff, itself, and which were only then recently provided foundation as evidence when authenticated by Paul Feldman during his 8/5/2010 deposition. Defendants have already in Reply brought to this Court's attention that Feldman's own voice on these tapes often impeaches his very deposition testimony and corroborates John Chudy's declaration testimony. For example, at p 88, ln. 24 and 25 and p 89, ln. 1-4 of the transcript of Feldman's

8/5/2010 deposition, the following exchange between Feldman and McNulty is recorded.

McNulty: "Did you ever make a statement to me to the effect that you and another or others were getting ready to get other board members of Law Enforcement Associates Corporation off its board?"

Feldman: "I don't recollect, to the best of my knowledge, ever making that statement to you."

Yet, the following exchange between Feldman and McNulty is recorded on the March 2008 Feldman/McNulty Tape No. 5.

Feldman: "I don't think we (board directors Feldman and Martin 'Perry') have a problem with these guys or half of 'em we're getting ready to get of the board now anyway. … The ones that have been kind of astringent to us for the last couple months since, you know they were the _____ holdovers."

McNulty: "Ah you mean Senator Rand?"

Feldman: "Yes. Senator Rand and those guys, yeah."

Finally, a remedy for failure to comply with FRCP(a)(1) and make and supplement initial disclosures is that any evidence not so disclosed may on proper motion be excluded from a party's "use to support its claims". Taser can always prior to trial move in limine to exclude any evidence that it believes was not properly disclosed pursuant to Rule 26(a)(1) and for sanctions. There exists no

need to additionally burden this Honorable Court with "expedited hearings" and no need or basis for the Court's taking the extraordinary action of stopping a deposition or now sanctioning Defendants. There is no possibility of prejudice to Plaintiff until trial. Defendants, moreover, are not required to "meet and confer" with Plaintiff before timely noticing a deposition. Did Plaintiff "meet and confer" with Defendants before secretly arranging for Feldman's attorney to accept service of his deposition and, then, noticing it with the same 2 weeks lead time? Of course, it did not, and Defendants did not object that they had not had opportunity to request production of Feldman first or that they had been "ambushed" or "surprised" as these are not legitimate objection to a deposition.

Defendants' Joint Motion For An Order To Show Cause does not argue for sanction of dismissal and monetary sanctions against Plaintiff's only for its failure to comply with Rule 26. Defendants' Joint Motion For Order To Show Cause requests a sanction of dismissal, monetary sanctions and a fine also for Plaintiff's perjury in answering that it did not initiate or develop plans with Feldman to record McNulty, for its concealment of a September 26, 2008 e-mail stream that is between one Paul Feldman and itself, that evidences the perjury and that was specifically requested produced, for its false denial that it possesses an exculpatory September 29, 2010 recording, which is evidenced in the September 26, 2008 e mail stream and admitted recorded by Feldman himself, for its continued

- 5

concealment of that recording, for its falsely, contemptuously and repeatedly pleading to this Court that it had not concealed other exculpatory tapes from Defendants for some year, for its falsely asserting in response to requests for admission that it does not possess other unproduced tapes of conversations between Feldman and McNulty and because Plaintiff is deemed reprobate by its long history of such misconduct in the federal courts and in this very case and, therefore, Defendants are unlikely to be accorded a fair trial.

In fact, Plaintiff's own witness Paul Feldman has already confirmed in his deposition that Plaintiff has been falsely pleading to this Court and has been concealing copies of the tapes from both the Court and Defendants for some year now and that Plaintiff made a false verification. The tapes concealed by Plaintiff are not argued by it to be impeachment evidence, but, rather, to be evidence of securities fraud and of motive for Defendants' conspiracy to violate and violation of the Lanham Act.

Feldman testified that he delivered the 5 Feldman/McNulty tapes to Plaintiff prior to <u>August 27, 2009,</u> that is almost a year ago. Yet, Plaintiff did not produce these tapes to Defendants until June 18, 2010 – all the while – falsely pleading to this Court that it had not received the tapes until just a few days before June 18, 2010 on June 9, 2010. In its Response to the Defendants' Joint Motion for an Order to Show Cause, Plaintiff even has its Attorney Charlton contradict its own witness

Feldman's deposition testimony by testifying there in declaration that Taser did not have the 5 tapes until June 9, 2010. How Charlton could have personal knowledge of what might have been planned, delivered or otherwise transpired during meetings between Taser and Feldman where Charton was not present, is beyond Defendants. Feldman is quite clear in his deposition testimony at p 96, ln. 7-16 about the date when he delivered the tapes to Taser and the more credible on this issue of Plaintiff's two competing witnesses.

McNulty: "On what dates did you deliver tapes or conversations between you and I to Taser International, Inc.?"

Feldman: "It was before my dismissal."

McNulty: "You did not deliver any tapes to them after you had – your dismissal?

Feldman: "I have – as I stand here, I have no recollection of that."

McNulty: " And when were you dismissed?"

Feldman: "August 27th, 2009."

As to Plaintiff's false verification, Feldman testifies that Taser requested that he meet with McNulty on September 29, 2008 to record him and, also, that Taser provided Feldman a written plan for this meeting. See transcript of 8/5/2010 Deposition of Feldman at pp 139 and 140.

Simeon: "Do you see that section that says script outline?"

Feldman: "Right. Yes."

Simeon: "Do you have any idea of what he's talking about or what Mr. Smith is talking about in this e mail to Mr. Klint?"

Feldman: "whenever I was speaking with people at <u>Taser</u>, you know, I said, you know ... If somebody wants me to ask something or to go to a meeting, and I said, you know, give me a script. ... give me a script what you want me to talk about." (emphasis added)

Again, this is Taser's own witness. Aside from Mr. Charlton's declaration testimony based on inconclusive personal knowledge, Taser only offers the additional testimony of co-conspirator Douglas Klint, who is either in today's personification Taser's "General Counsel", its "Executive V.P. for Business Development", its "President", its "Generalissimo" or whatever, to contradict or attempt to couch this testimony of its witness Feldman.

Finally, Taser never specifically requested production of any of McNulty's impeachment evidence. Taser requests McNulty produce his communications with Feldman related to the press releases only. E discovery is not yet due.

<u>Second</u>, Taser presumes that Defendants entered upon a plan "orchestrated" by Defendant McNulty and "acquiesced in" by the Law Offices of P. Sterling Kerr to withhold documents in violation of FRCP 26(a)(1) and to later produce them at

a surprise deposition to "ambush" Taser. Plaintiff gives Defendant McNulty far too much credit for occurrences.  This slight man is not the great and powerful wizard Oz, and he does not control the actions of this law office, that is the Law Offices of P. Sterling Kerr, anymore than he controls the actions of Stinger Systems, Inc. as Plaintiff also so fervently contends. Marvin Simeon, attorney who appeared for Stinger and Gruder at Paul Feldman's deposition, simply became concerned about certain testimonial evidence, which was for the first time adduced during that recent August 5, 2010 deposition. He inquired of McNulty after the deposition as to whether certain of Feldman's testimony was truth. McNulty stated that it was not and that he had or could reference certain documentary evidence to discredit the testimony. Marvin Simeon determined that it was in the best interest of his clients Stinger and Gruder to make record of such testimony and asked Mr. McNulty if he would agree to Stinger and Gruder deposing him. Defendant McNulty agreed.

## CONCLUSION

The social policy behind allowing parties to withhold FRCP 26(a)(1)(A)(i & ii) impeachment evidence, like the incriminating September 26, 2008 e mail "SCRIPT OUTLINE" from Taser to Feldman and John Chudy's elaborating testimony, is, precisely, to facilitate a truth seekers "surprise" and "ambush" of bearers of false witness. It is not a legitimate objection to the presentation of such

evidence that a party is or may be "surprised." Taser can always, prior to trial, move in limine to exclude any evidence that it believes was not properly disclosed pursuant to Rule 26(a)(1) and for sanctions. There exists no need to additionally burden this Honorable Court with "expedited hearings" and no need or basis for the Court's taking the extraordinary action of stopping a deposition or now sanctioning Defendants without knowing the evidence or who may have withheld it, if they did at all, or why. There is no possibility of prejudice to Plaintiff until trial. Plaintiff should not be granted any of the relief requested by its Motions.

Respectfully submitted this 20th day of August, 2010

LAW OFFICES OF P. STERLING KERR

By: _Marvin L.P. Simeon_
     P. STERLING KERR, ESQ., #3978
     MARVIN L.P. SIMEON, ESQ., 11712
     2450 St. Rose Parkway, Suite 120
     Henderson, NV 89074
     (702) 451-2055
     Attorneys for Defendants Stinger
     Systems, Inc., and Robert Gruder


 /s/ James McNulty_____
JAMES McNULTY
Defendant In Pro Se

# AFFIDAVIT OF MARVIN L.P. SIMEON

STATE OF NEVADA       )
                      ) ss:
COUNTY OF CLARK       )

MARVIN L.P. SIMEON, ESQ., having been duly sworn, deposes and says:

1.      I am an attorney duly licensed to practice law in the State of Nevada.  I am counsel for the Defendants, STINGER SYSTEMS, INC., and ROBERT GRUDER, in Case 2:09-CV-00289-KJD-PAL.  I have personal knowledge of all matters contained herein and am competent to testify thereto.

2.      Affiant makes this affidavit in support of Defendant Stinger Systems, Inc.'s and Robert Gruder's Response to Taser International, Inc.'s Motion to Compel, Motion for Protective Order, and Request for Expedited Ruling or Telephonic Hearing.

3.      I appeared for Stinger Systems, Inc. and Robert Gruder at Paul Feldman's 8/5/2010 deposition.  After listening to testimony which was for the first time adduced during that recent August 5, 2010 deposition, I became concerned.  I inquired of Mr. McNulty after the deposition as to whether certain of Mr. Feldman's testimony was truth.  Mr. McNulty stated that it was not and that he had or could reference certain documentary evidence to discredit the testimony. I thereafter determined that it was in the best interest of my clients Stinger Systems, Inc., and Mr. Gruder to make record of such testimony and asked Mr. McNulty if he would agree to Stinger Systems, Inc. and Mr. Gruder deposing him.  Mr. McNulty agreed.

//
//
//
//
//
//

1       4.    I declare that the foregoing is true under penalty of perjury under the laws of the

2  United States of America.

3       5.    FURTHER YOUR AFFIANT SAYETH NAUGHT.

4  DATED this _20th_ day of August, 2010.

6  *Marvin L.P. Simeon*

7  MARVIN L.P. SIMEON, ESQ.

9  SUBSCRIBED AND SWORN to before me

10  this 20th day of _August_ , 2010.

13  *Harriet Jacobson*

14  Notary Public in and for said County and State

HARRIET JACOBSON
NOTARY PUBLIC
STATE OF NEVADA
My Commission Expires: 9-18-13
Certificate No: 02-76486-1

- 12

1

## CERTIFICATE OF SERVICE

2     ☐     I hereby certify that on the 20 day of August, 2010, I electronically transmitted
       DEFENDANT STINGER SYSTEMS, INC.'S AND ROBERT GRUDER'S
3      RESPONSE TO TASER INTERNATIONAL, INC.'S MOTION TO COMPEL,
       MOTION FOR PROTECTIVE ORDER AND REQUEST FOR EXPEDITED
4      RULING OR TELEPHONIC HEARING to the Clerk's Office using the CM/ECF
       System for filing and transmittal of a Notice of Electronic Filing to the following
5      CM/ECF registrants:

6              G. Mark Albright, Esq.
               D. Chris Albright, Esq.
7              ALBRIGHT STODDARD WARNICK & ALBRIGHT
               Quail Park 1, Building D-4
8              801 South Rancho Drive
               Las Vegas, Nevada 89106-3854
9
               Mark C. Dangerfield, Esq.
10             Paul Charlton, Esq.
               GALLAGHER & KENNEDY, P.A.
11             2575 E. Camelback Rd., Suite 1100
               Phoenix, AZ 85016
12

13

14                          An employee of the LAW OFFICES OF
                            P. STERLING KERR
15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        1