D. Chris Albright (No. 004904)
**ALBRIGHT STODDARD WARNICK & ALBRIGHT. P.C.**
Quail Park I, Building D-4
801 South Rancho Drive
Las Vegas, Nevada  89106-3854
Telephone:  (702) 384-7111
Facsimile:  (702) 384-0605
Email: dca@albrightstoddard.com

Mark A. Fuller (Pro Hac Vice)
Glen Hallman (Pro Hac Vice)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road, Suite 1100
Phoenix, Arizona  85016
Telephone:  (602) 530-8000
Facsimile:  (602) 530-8500
Email: maf@gknet.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TASER INTERNATIONAL, INC., <br><br>       Plaintiff, <br><br>   vs. <br><br> STINGER SYSTEMS, INC.; JAMES F. MCNULTY, Jr.; and ROBERT GRUDER, <br><br>       Defendants. | No.  2:09-CV-00289-KJD-PAL <br><br> **REPLY IN SUPPORT OF MOTION TO COMPEL, MOTION FOR PROTECTIVE ORDER, AND REQUEST FOR EXPEDITED RULING OR TELEPHONIC HEARING** |

1  Defendants acknowledge that they *deliberately* never disclosed or produced what
2  they characterize as "documentary evidence . . . that shall once and for all, conclusively
3  refute all of Taser's accusation [sic]." Dkt. 99, at p. 23.  They insist that they had no
4  obligation to do so.  And not only that, they contend that they are well within their rights
5  to produce these materials – whatever they might be – for the first time at a deposition
6  they arranged among themselves.  Far from being defensive about any of this, they
7  trumpet it as some kind of strategic coup on their part.  Whatever else can be said about
8  this, what defendants have admitted doing is a clear violation of the rules governing
9  disclosure and discovery.

10  First, the disclosure obligation.  Rule 26 requires affirmative disclosure of all
11  documents that a party "may use to support its claims or defenses," unless they are to be
12  used "*solely* for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added).  Any
13  documents which may "refute" TASER's claims, to use defendants' term, are substantive
14  evidence which must be disclosed and produced, and cannot be withheld as being
15  "solely" for impeachment.  Otherwise, any defendant could simply withhold all
16  documents he or she considered helpful, on the theory that they would be used to
17  "impeach" the plaintiff's case.  As Wright and Miller explains:

> If a party plans to testify to one version of the facts, and the opponent has evidence supporting a different version of the facts, the opponent's evidence will tend to impeach the party by contradiction, but if discovery of this kind of evidence is not permitted the discovery rules might as well be repealed.

C. Wright & A. Miller, *Federal Practice and Procedure*, §2015, at 212 (1994).

The case law is in accord.  For a few of the many cases on this point, *see Klonoski v. Mahlab*, 156F.3d 255, 270 (1st Cir. 1998)) (holding that district court "erred, as a matter of law," in ruling that excerpts from certain letters were exempt from disclosure as being "in "solely for impeachment purposes"; "The letter excerpts constituted substantive evidence because, separate and apart from whether they contradicted Dr. Klonoski's

1

testimony, they tended 'to establish the truth of a matter to be determined by the trier of fact.' This is true even though, in addition to their substantive content, the excerpts tended to contradict Dr. Klonoski's testimony"); *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517-18 (5th Cir. 1993) (holding that surveillance materials were at least in part "substantive evidence," or "[e]vidence which would tend to prove or disprove" plaintiff's damages, and "should have been disclosed prior to trial, regardless of its impeachment value."); *Newsome v. Penske Truck Leasing Corp.*, 437 F.Supp.2d 431, 436 (D. Md. 2006) (parties must "disclose without request impeachment evidence which is admissible for substantive purposes under the automatic disclosure provisions of Rule 26(a)"). *See also Committee for Immigrant Rights of Sonoma County v. County of Sonoma*, 2009 U.S. Dist. Lexis 57969, * 11 (N.D. Cal. 2009) ("the exception in Rule 26(a) for evidence used 'solely for impeachment' is not equivalent to evidence used for 'rebuttal'").

Second, disclosure obligations aside, defendants were also served with requests for production of documents, requiring them to produce documents potentially relevant to the case. Copies are attached as Exhibit A. Because defendants have yet to inform TASER or the Court what materials they have been withholding, we are not in a position to link up particular documents with particular requests. But the Court can confirm that the requests for production were comprehensive. And the one example defendants *do* cite – documents related to relevant stock transactions – is something TASER *specifically requested*. *See* Exh. A (Requests No. 4 to each defendant). And not only did defendants fail to produce these documents, but as they note on page 3 of their response, defendant McNulty even asserted his Fifth Amendment privilege against self-incrimination as a bar to this discovery! Dkt. 102, p. 3 ("Defendant McNulty asserted his 5th and 14th amendment privilege against retrieving or identifying the location of requested financial documents.") In other words, defendants asserted an absolute bar to discovery regarding

1  stock transactions, and now intend to produce these materials in the midst of a deposition.

2  Defendants do make one good point. They argue that one of the sanctions
3  available for violations of this kind is exclusion of evidence. Dkt. 102, at p. 4. This is
4  certainly one of the sanctions the Court should consider imposing here. Recognizing the
5  Court's wide discretion in this matter, TASER will not presume to tell the Court what the
6  best and most appropriate course of action is under these circumstances. We do,
7  however, urge the Court to take decisive action to put an end to this abuse of the litigation
8  process. And the Court should assess appropriate sanctions not only against defendant
9  McNulty, but also against counsel for defendants Gruder and Stinger, who participated in
10 this misconduct and signed the response.

11 Finally, the depositions should be postponed. Defendants offer no argument
12 otherwise. TASER is entitled to defendants' disclosure and responses to discovery
13 before questioning the witnesses whose depositions are scheduled for next week.
14 TASER reiterates its request that the Court rule on this issue on an expedited basis, and if
15 necessary convene a brief telephonic hearing in this regard.

16 Respectfully submitted this 24th day of August, 2010.

**GALLAGHER & KENNEDY, P.A.**

By:   /s/ Mark A. Fuller
      Mark A. Fuller
      Paul K. Charlton
      Glen Hallman
      2575 East Camelback Road, Suite 1100
      Phoenix, Arizona  85016-9225

      and

3

        D. Chris Albright
        Albright Stoddard Warnick & Albright, P.C.
        Quail Park I, Building D-4
        801 South Rancho Drive
        Las Vegas, Nevada  89106-3854

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 24th day of August, 2010, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

        P. Sterling Kerr, Esq.
        Marvin L.P. Simeon, Esq.
        LAW OFFICES OF P. STERLING KERR
        2450 St. Rose Parkway, Suite 120
        Henderson, Nevada  89074
        *Attorneys for Defendants Stinger Systems,*
        *Inc. and Robert Gruder*

        D. Chris Albright, Esq.
        Albright Stoddard Warnick & Albright, P.C.
        Quail Park I, Building D-4
        801 South Rancho Drive
        Las Vegas, Nevada  89106-3854
        *Co-Counsel for Plaintiff*

    I further certify that on the 24th day of August, 2010, I served the attached documents via electronic mail and U.S. Postal Service, First-Class Postage Prepaid, on the following party, who is not a registered participant on the CM/ECF System:

        James McNulty
        10620 Southern Highland Parkway, Suite 110
        Las Vegas, Nevada  89141
        Defendant *Pro Se*

By:   /s/ Donna M. Navarro
      2526146 / 20791-0003