D. Chris Albright (No. 004904)
**ALBRIGHT STODDARD WARNICK & ALBRIGHT. P.C.**
Quail Park I, Building D-4
801 South Rancho Drive
Las Vegas, Nevada  89106-3854
Telephone:  (702) 384-7111
Facsimile:  (702) 384-0605
Email: dca@albrightstoddard.com

Mark A. Fuller (Pro Hac Vice)
Glen Hallman (Pro Hac Vice)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road, Suite 1100
Phoenix, Arizona  85016
Telephone:  (602) 530-8000
Facsimile:  (602) 530-8500
Email: maf@gknet.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TASER INTERNATIONAL, INC.,<br><br>              Plaintiff,<br><br>     vs.<br><br>STINGER SYSTEMS, INC.; JAMES F. MCNULTY, Jr.; and ROBERT GRUDER,<br><br>              Defendants. | No.  2:09-CV-00289-KJD-PAL<br><br>**TASER INTERNATIONAL, INC.'S REPORT FOR AUGUST 30, 2010 STATUS CONFERENCE (WITHOUT PARTICIPATION OF DEFENDANTS)** |

/ / /

/ / /

Plaintiff Taser International, Inc. ("TASER") submits the following status report for the upcoming status conference.[1]

### 1. **Entry of Protective Order.**

There has been no progress in the outstanding discovery amongst the parties, including the e-discovery. We believe all the parties agree that the entry of a protective order is necessary and appropriate for production of certain sensitive financial and other materials to proceed. As the Court will recall, TASER submitted a proposed Protective Order as Exhibit "C" to its Memorandum of July 20, 2010. Dkt. #80. The proposed Protective Order tracked word-for-word with the Protective Order *stipulated to* by the parties in the ongoing Federal Court litigation in Phoenix. That stipulation included a "Stipulation to Supplement Protective Order" that provided:

> IT IS ORDERED that notwithstanding James McNulty's appearance as counsel of record for Defendant Stinger Systems, Inc., Mr. McNulty shall continue not to have access Confidential or Attorney's Eyes Only information produced by Plaintiff TASER International, Inc. in this case . . . . *Id.*, Exhibit B.

Thus TASER respectfully renews its request for entry of the Protective Order attached as Exhibit "C" to Dkt. #80.

/ / /

/ / /

---

[1] Undersigned counsel invited Defendants, via email (*See* Exhibit "A" attached hereto), to provide any input they wished, to provide for a joint report, but received no response.

1

**2.      TASER's Motion to Compel / Motion for Protective Order.**

As set forth in TASER's motion (Dkt. #101), Defendants amongst themselves have noticed two depositions for August 31, 2010, the day following the status conference, at which Mr. McNulty himself claims he will for the *first time* "produce documentary evidence." (Dkt. #99, p. 23).  This is a self-evident abuse of the Federal Rules of Civil Procedure, and in fact an express admission by Mr. McNulty that he is violating the Rules.

TASER respectfully requests the Court enter an Order providing that the depositions not proceed, further order that Mr. McNulty produce all such "documentary evidence" by a date certain, and award TASER its reasonable costs incurred in bringing the motion.

**3.      Defendants' Motion for Order to Show Cause.**

As TASER's Response to the Motion demonstrates (Dkt. #97), the Motion is baseless.  TASER respectfully requests the Court deny it summarily, and award TASER its reasonable costs incurred in responding to the groundless Motion.  Alternatively, if the Court feels oral argument is appropriate and necessary, TASER submits it would be appropriate to set a date for that oral argument.

**4.      Discovery.**

As set forth in Section (1) above, discovery has largely been  stymied, and none of the parties have completed production of documents and information previously agreed-to.  Also, with the District Court's granting of Mr. McNulty's counterclaim, TASER

submits it would be appropriate to schedule future discovery on dual tracks, i.e., bifurcate discovery on TASER's complaint from discovery on Mr. McNulty's counterclaim. TASER respectfully submits it would be appropriate to both set differing deadlines, and to order that depositions of all parties' representatives may be conducted without prejudice to continue those depositions for future inquiry relating to Mr. McNulty's counterclaim.

Thus TASER believes all the parties agree that new discovery deadlines should be set, including production of expert witness reports, after the necessary damages discovery has been completed.

**6.** **Summary.**

As the Court will surely see, progress in this matter has been hindered by the contentious conduct of the Defendants. TASER respectfully submits the Court should consider any other direction the Court deems appropriate to the parties to facilitate moving this case forward more expeditiously.

Respectfully submitted this 24th day of August, 2010.

                              **GALLAGHER & KENNEDY, P.A.**

                    By:   /s/ Glen Hallman
                           Mark A. Fuller
                           Paul K. Charlton
                           Glen Hallman
                           2575 East Camelback Road, Suite 1100
                           Phoenix, Arizona 85016-9225

and

>D. Chris Albright
>Albright Stoddard Warnick & Albright, P.C.
>Quail Park I, Building D-4
>801 South Rancho Drive
>Las Vegas, Nevada  89106-3854
>
>*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2010, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>P. Sterling Kerr, Esq.
>Marvin L.P. Simeon, Esq.
>LAW OFFICES OF P. STERLING KERR
>2450 St. Rose Parkway, Suite 120
>Henderson, Nevada  89074
>*Attorneys for Defendants Stinger Systems,*
>*Inc. and Robert Gruder*
>
>G. Mark Albright, Esq.
>D. Chris Albright, Esq.
>Albright Stoddard Warnick & Albright, P.C.
>Quail Park I, Building D-4
>801 South Rancho Drive
>Las Vegas, Nevada  89106-3854
>*Co-Counsel for Plaintiff*

I further certify that on the 24th day of August, 2010, I served the attached documents via electronic mail and U.S. Postal Service, First-Class Postage Prepaid, on the following party, who is not a registered participant on the CM/ECF System:

>James McNulty
>10620 Southern Highland Parkway, Suite 110
>Las Vegas, Nevada  89141
>Defendant *Pro Se*

By:  /s/ Kim Haggard
2527793 / 20791-0003