1  ANN MORGAN
   State Bar No. 933
2  KENNETH K. CHING
   State Bar No. 10542
3  JONES VARGAS
   100 West Liberty Street, 12th Floor
4  P.O. Box 281
   Reno, NV 89504-0281
5  *(775) 786-5000*

6  MARK A. FINKELSTEIN
   NC State Bar No. 13187
7  MATTHEW NIS LEERBERG
   NC State Bar No. 35406
8  SMITH MOORE LEATHERWOOD LLP
   2800 Two Hannover Square (27601)
9  Post Office Box 27525
   Raleigh, North Carolina 27611
10 *(919) 755-8700*

11 Attorneys for non-party
   Law Enforcement Associates, Inc.
12

13              UNITED STATES DISTRICT COURT
                     DISTRICT OF NEVADA
14

15 TASER INTERNATIONAL, INC.,            Case No. 2:09-CV-00289-KJD-PAL

16        Plaintiff,                     **NON-PARTY LAW ENFORCEMENT
                                         ASSOCIATES' RESPONSE TO
17   v.                                  TASER'S MOTION TO COMPEL
                                         COMPLIANCE WITH SUBPOENA**
18
   STINGER SYSTEMS, INC.; JAMES F.
19 MCNULTY, JR.; AND ROBERT GRUDER,

20        Defendants.

21

22    Pursuant to Local Rule of Civil Practice 7-2(b), non-party Law Enforcement Associates,

23 Inc. ("LEA") serves these points and authorities in response to Taser's motion to compel

24 compliance with subpoena, dated August 31, 2010 (Doc. No. 115).

25              **MEMORANDUM OF POINTS AND AUTHORITIES**

26                                **I.**

27                        **Introductory Statement**

28    On August 19, 2010, counsel for Plaintiff issued a facially defective subpoena to the

1

custodian of records for LEA—a small company based out of Raleigh, North Carolina. The subpoena issued from the United States District Court for the Eastern District of North Carolina and was served on LEA in North Carolina, but commanded LEA to produce documents in Arizona several days later, in plain violation of Federal Rule of Civil Procedure 45(a)(2)(C). A mere four days after LEA served objections to the subpoena (*see* Doc. No. 115, Ex. B), counsel for Plaintiff filed the instant motion to compel—without ever consulting LEA to discuss a possible resolution of the discovery dispute, and indeed without ever contacting LEA at all, in plain violation of Local Rule of Civil Practice 26-7(b). Worse still, the instant motion was filed in the District of *Nevada*, despite the longstanding requirement that such a motion to compel be sought from the court issuing the subpoena—in this case, the Eastern District of North Carolina. *See* Fed. R. Civ. P. 45(c)(2)(B)(ii).

Now, non-party LEA has been forced to hire local counsel in Nevada to defend itself against a *premature* motion filed in the *wrong* court to enforce a *defective* subpoena. If anyone is entitled to relief—including payment of attorneys' fees and costs—it is LEA. *See* Fed. R. Civ. P. 45(c)(1).

## II.

### The Subpoena Was Facially Defective from the Outset

The subpoena dated August 19, 2010 and issued to non-party LEA in North Carolina commanded it to produce and permit inspection of various documents at Plaintiff's counsel's office in Arizona, at 9:00 am on August 31, 2010. Of course, an attorney does not have the power to make *anyone*, let alone a non-party, drive documents 2,000 miles for the attorney to inspect and copy. Instead, the Federal Rules of Civil Procedure strike a different balance between liberal discovery principles and protection of those receiving subpoenas: "A subpoena *must* issue as follows: . . . (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C) (emphasis added). Plaintiff's counsel could therefore only issue the subpoena from the Eastern District of North Carolina if "the production or inspection is to be made" in the Eastern District of North Carolina. The subpoena is therefore invalid on its face.

1  *See Kremen v. Cohen*, No. C 98-20718 JW, 2007 WL 1119396 (N.D. Cal. 2007) (finding
2  subpoenas to be "defective on their face" because they were issued from the Northern District of
3  California but required production in other districts in California).

### III.

### Plaintiff's Counsel Never Consulted LEA, Let Alone Made a "Sincere Effort," to Resolve this Dispute Before Filing Its Motion to Compel

Across the country, the federal and state courts have better things to do than mediate every squabble that might arise during the course of discovery. This Court expressly guards against such a waste of judicial resources by requiring that parties confer before invoking the court's power and resources to resolve a discovery dispute:

> Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court action.

Local Rule of Civil Practice 26-7(b); *see also* Fed. R. Civ. P. 37(a)(1) (requiring that a motion to compel "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action").

Here, Plaintiff's counsel did not include any such certifying statement in Taser's motion to compel. This is because he cannot certify what is not true. After LEA served its objections to the subpoena, LEA did not hear from Plaintiff's counsel again until it was served with the instant motion to compel. There was never any "personal consultation," nor any "sincere effort . . . to resolve the matter without court action." *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996) (noting that parties have satisfied the "confer" requirement only if they "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention"). Instead, for whatever reason, Plaintiff's counsel decided to waste this Court's time and non-party LEA's resources on a dispute that might very well have been resolved had Plaintiff's counsel complied with the directives of this Court and the Federal Rules.

JONES VARGAS
100 W. Liberty Street, 12th Floor
P.O. Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

**IV.**

**This Motion to Compel Has Been Filed in the Wrong Court, Further Wasting LEA's and this Court's Time and Resources and Requiring the Imposition of Sanctions on Plaintiff's Counsel**

Even if Plaintiff's counsel had issued a proper subpoena, and even if he had bothered to discuss with LEA its objections before filing the instant motion to compel, Taser still could not prevail because Taser has filed the motion in the wrong court. Motions to compel compliance with a subpoena are governed by the Federal Rules:

> At any time, on notice to the commanded person, the serving party may move *the issuing court* for an order compelling production or inspection.

Fed. R. Civ. P. 45(c)(2)(B)(ii) (emphasis added); *see also* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.").

Here, the subpoena issued from the Eastern District of North Carolina. Any motion to compel should therefore have been filed with the Eastern District of North Carolina as the "issuing court." The rule exists to protect persons subject to subpoenas from the expense of having to defend themselves all over the country. This very purpose has been thwarted here. LEA has had no choice but to hire local counsel in Nevada to defend against this improper motion filed 2,000 miles away instead of defending it, if at all, three blocks down the street.

With the added power given attorneys to individually sign subpoenas comes added responsibility to use the power judiciously and with care. The Federal Rules codify the principle by subjecting careless counsel to liability for attorneys' fees:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(c)(1). Without question, Plaintiff's counsel did not "take reasonable steps" to avoid imposing an undue burden on non-party LEA by issuing it a defective subpoena and then trying to enforce it 2,000 miles away without even picking up the phone to discuss the dispute. Under the mandatory language of Rule 45(c)(1), therefore, this Court "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." For actions as

4

egregious as these, nothing short of the award of attorneys' fees to LEA to offset its defense of this motion and the quashing of the subpoena will sufficiently deter such conduct in the future.

### V.

### LEA's Objections to the Subpoena Should be Sustained and the Motion to Compel Denied

This court need not reach the merits of Plaintiff's counsel's premature and misplaced motion to enforce his defective subpoena. Indeed, much of Plaintiff's counsel's argument is severely undercut by the simple fact that the parties have not had the opportunity to negotiate a possible resolution of the dispute.

Taser served LEA with an overbroad subpoena unbounded by time and scope. For example, Taser commanded production of "[a]ll documents which reflect or relate to any communication between LEA and McNulty." (Doc. No. 115, Ex. A.) Faced with a short deadline, LEA timely served its objections while it continued looking through its records in response to the subpoena. Just four days later, Plaintiff's counsel filed this motion to compel. Had Plaintiff's counsel contacted LEA as the rules require, he would have learned that LEA was searching for responsive documents to try to find a middle-ground to Plaintiff's counsel's broad requests. Had Plaintiff's counsel contacted LEA as the rules require, he would have learned that the many requests relating to the actions of Paul Feldman, LEA's former President, are complicated by the fact that Mr. Feldman was terminated from LEA and has since engaged in a campaign of litigation to "ruin" LEA. Finally, had Plaintiff's counsel contacted LEA as the rules require, he would have learned more regarding the relationship between Mr. McNulty and LEA as it relates to LEA's claims of privilege.

///
///
///
///
///
///

5

In any event, Plaintiff's counsel is certainly not entitled to an award of attorneys' fees for filing a premature motion to compel before seeking to narrow the issues, or perhaps resolve the dispute entirely, by first conferring with LEA.

DATED this 17th day of September, 2010.

JONES VARGAS

/s/ Kenneth K. Ching
ANN MORGAN
State Bar No. 933
KENNETH K. CHING
State Bar No. 10542
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281

MARK A. FINKELSTEIN
NC State Bar No. 13187
MATTHEW NIS LEERBERG
NC State Bar No. 35406
SMITH MOORE LEATHERWOOD LLP
2800 Two Hannover Square (27601)
Post Office Box 27525
Raleigh, North Carolina 27611
Telephone: (919) 755-8700
Facsimile: (919) 838-8800

Attorneys for non-party
Law Enforcement Associates, Inc.

# CERTIFICATE OF SERVICE

I certify that I am an employee of JONES VARGAS, and that on this date, pursuant to FRCP 5(b), I am serving the attached NON-PARTY LAW ENFORCEMENT ASSOCIATES' RESPONSE TO TASER'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA on the parties set forth below by E-service effected by CM/ECF addressed as follows:

D. Chris Albright
ALBRIGHT STODDARD WARNICK & ALBRIGHT, P.C.
Quail Park I, Building D-4
801 South Rancho Drive
Las Vegas, Nevada 89106-3854
dca@albrightstoddard.com

P. Sterling Kerr
Marvin L. P. Simeon
LAW OFFICES OF P. STERLING KERR
2450 St. Rose Parkway, Suite 120
Henderson, Nevada 89074

and by placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail at Reno, Nevada, postage prepaid, following ordinary business practices addressed as follows:

Mark A. Fuller
Glen Hallman
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
maf@gknet.com

James McNulty
106 Southern Highland Parkway, Suite 110
Las Vegas, Nevada 89141

DATED this 17th day of September, 2010.

                                                 /s/ Melinda Poehlmann
                                                An Employee of Jones Vargas