1
2
3
4                      **UNITED STATES DISTRICT COURT**
5                          **DISTRICT OF NEVADA**
6
7    TASER INTERNATIONAL, INC.,                )
8                                 Plaintiff,    )      Case No. 2:09-cv-00289-KJD-PAL
                                               )
9    vs.                                       )      **ORDER**
                                               )
10   STINGER SYSTEMS, INC., *et al.*,          )
                                               )
11                              Defendants.    )
12   _____ )
13          The court conducted a status and dispute resolution conference on October 7, 2010.  Glen Hallman
14   appeared on behalf of the Plaintiff.  Marvin Simeon appeared on behalf of Defendants Stinger and Gruder,
15   and Defendant James McNulty appeared *pro se*.  Among the issues addressed at the status conference was
16   Plaintiff's proposed protective order governing confidentiality of documents.  This court has discussed the
17   proposed form of protective order with counsel at prior status conferences.  Counsel for Defendants Stinger
18   and Gruder did not oppose any of the terms of Plaintiff's proposed order.  However, Mr. McNulty objected
19   to certain of its terms.  In Defendants' joint report (Dkt. #145), Mr. McNulty indicated he would stipulate
20   to entry of Plaintiff's form of protective order with minor modifications.  He withdraws his objection to
21   allowing Plaintiff's President, attorney Douglas Klint, to view confidential and attorney's eyes only
22   documents.  However, he still objects to the paragraph in Plaintiff's form of proposed protective order
23   which would preclude him from having any right of access to discovery materials produced marked
24   "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".
25          During the hearing, the court canvassed counsel for all of the parties.  Counsel for Plaintiff indicated
26   the Plaintiff sought to preclude Mr. McNulty, who is appearing in this matter *pro se*, from reviewing
27   materials for two reasons.  First, because Mr. McNulty stipulated to a virtually identical form of protective
28   order to that proposed by the Plaintiff in this case in an Arizona federal action.  Secondly, for "business

reasons",  because Taser and McNulty have been at odds for decades in pursuing their respective business interests.  Counsel for Plaintiff acknowledged that Mr. McNulty needed an opportunity to defend himself in this action, but asserted that counsel for co-Defendants Stinger and Gruder could sufficiently assist him in litigating any issues pertaining to documents marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

Mr. McNulty indicated that he had carefully reviewed the form of protective order and agreed to be bound by it.  Similarly, Mr. Simeon again acknowledged that Defendants Stinger and Gruder were willing to stipulate to the terms of the proposed protective order.

The court will enter the proposed form of protective order submitted by counsel for Plaintiff with the exception of Paragraph 5(k) which would preclude Mr. McNulty from having any right of access to "CONFIDENTIAL" and "ATTORNEYS' EYES ONLY" information.  Mr. McNulty is appearing in this action *pro se*, and is an attorney.  Although he has previously represented Defendants Stinger and Gruder as retained counsel and on a *pro bono* bases, he has made it clear that that relationship has been terminated. The court finds that the Defendants do not have sufficiently identical legal interests to permit counsel for Stinger and Gruder to serve as McNulty's counsel for purposes of considering and providing legal advice on documents Plaintiffs and non-parties produced which may be designated as "CONFIDENTIAL" or for "ATTORNEYS' EYES ONLY".

The parties having stipulated to all of the terms of Plaintiff's proposed  form of protective order, with the exception of Paragraph 5(k), and the court having determined the provisions of Paragraph 5(k) do not protect Mr. McNulty's legal interests,

**IT IS ORDERED**:

1.    This Protective Order is applicable to and governs all depositions, documents, information or things produced by a party or non-party in connection with this litigation in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, answers to deposition questions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information which the disclosing party

2

designates as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION"[1] and is furnished, directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action.  As used in this Protective Order, "disclosing party" refers to the parties to this action and to third parties who give testimony or produce documents or other information, and "receiving party" refers to the parties to this action and to third parties who receive such information.

2.      For purposes of this Order, "CONFIDENTIAL INFORMATION" means any information that a party or non-party believes in good faith to be confidential or sensitive information including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal or commercial information, as the terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7). "ATTORNEYS' EYES ONLY INFORMATION" includes any information that a party or non-party believes in good faith to be highly confidential and highly sensitive information which, if disclosed to a competitor, may cause competitive harm, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, licensing, intellectual property protection strategies, industry analyses, or commercial information, as the terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(7), or other information that is entitled to a higher level of protection due to its commercial sensitivity.

3.      "CONFIDENTIAL INFORMATION" or "ATTORNEYS EYES ONLY INFORMATION" will only be used by the parties to this litigation solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

4.      In the absence of written permission from the disclosing party or third party, or an

---

[1] The parties have agreed, the phrase "CONFIDENTIAL MATERIAL," may be used in lieu of "CONFIDENTIAL INFORMATION," and both phrases will be understood to mean "CONFIDENTIAL INFORMATION" as defined in this Protective Order.  The parties have similarly agreed, the phrase "ATTORNEYS ONLY MATERIAL" may be used in lieu of "ATTORNEYS' EYES ONLY INFORMATION," and both phrases will be understood to mean "ATTORNEYS' EYES ONLY INFORMATION" as defined in this Protective Order.

order of the Court, information designated as "CONFIDENTIAL INFORMATION" will be used solely for the purposes of litigation between the parties, and may be disclosed only to the following persons:

a. The attorneys working on this action on behalf of any party, including in-house attorneys, paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

b. Any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in paragraph 4(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Outside experts and consultants must not be current employees of a party or employed by a party within the 6 months prior to the disclosure of "CONFIDENTIAL INFORMATION." However, any material designated as "CONFIDENTIAL INFORMATION" will not be disclosed to any expert or consultant until after a period of 7 business days after service on all parties of information regarding the identity of the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current *curriculum vitae* including a list of all companies for which the person has consulted during the last year. The party receiving notice of the expert and service of the materials has 7 business days from the date of the notice to object in writing to the provision of the material to the outside expert or consultant. Unless the parties otherwise resolve the objection, the objecting party has an additional 7 business days from the date of notice of the expert to file an appropriate motion to preclude the employment of the expert or consultant or disclosures of material to him or her, and no material that is the subject of the objection will be disclosed until the motion is decided. The times to respond as set out in this subparagraph does not begin to run unless the notice regarding the expert complies with the requirements set out in this paragraph;

c. Not more than 3 identified non-legal employees of a party who are required by the employing party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

d. Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

4

1    e.    Any person of whom testimony is taken, except that the person may only be

2    shown copies of "CONFIDENTIAL INFORMATION" during his testimony, and may not retain

3    any "CONFIDENTIAL INFORMATION;"

4    f.    Any person who authored or was an identified original recipient of the

5    particular "CONFIDENTIAL INFORMATION" sought to be disclosed to that person, except that,

6    if this person is a former employee of the party to whom the confidential information belongs, that

7    person may not be shown the confidential information without the prior written approval of such

8    party;

9    g.    Service contractors (such as document copy services);

10    h.    Personnel of the Court and all appropriate courts of appellate jurisdiction;

11    i.    Any other person agreed to in advance by the parties in writing.

12    "CONFIDENTIAL INFORMATION" must not be disclosed to persons described in paragraphs

13    4(b), (c) or (i) unless and until these persons have executed an affidavit in the form attached as

14    Exhibit A, and the form has been served on counsel for all parties; and

15    j.    The receiving party must act with all prudence to prevent any person identified

16    in paragraphs 4(a) through 4(i), inclusive, from themselves using any CONFIDENTIAL

17    INFORMATION or disclosing the same to others and to insure that any person identified in

18    paragraphs 4(a) through 4(i), inclusive, complies with paragraph 22.

19    5.    In the absence of written permission from the disclosing party or third party, or an

20    order from the Court, information designated as "ATTORNEYS' EYES ONLY INFORMATION"

21    will be used solely for the purpose of litigation between the parties, and may not be disclosed to any

22    employee of a party (except as set forth below) and may be disclosed only to the following persons:

23    a.    "Outside" attorneys of record, including paralegal assistants, stenographic and

24    clerical employees working under the direct supervision of such attorneys;

25    b.    Only the following in-house litigation attorneys, and any paralegal assistants,

26    stenographic and clerical employees working under the direct supervision of such counsel:  for

27    TASER, in-house litigation attorneys Holly Gibeaut and Doug Klint, and for Stinger, Stinger has

28    no in-house litigation attorneys;

c.      Any outside expert or consultant who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) or (b) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work.  Outside experts and consultants must not be current employees of a party or employed by a party within the 6 months prior to the disclosure of "ATTORNEYS' EYES ONLY INFORMATION." However, the material will not be disclosed to any expert or consultant until after a period of 7 business days after service on all parties of information regarding the identity of the expert or consultant, including his/her name, address and job title, the name and address of his/her employer and a current *curriculum vitae* including a list of all companies for which the person has consulted during the last year.  The party receiving notice of the expert and service of the materials has 7 business days from the date of the notice to object in writing to the provision of the material to the outside expert or consultant. Unless the parties otherwise resolve the objection the objecting party has an additional 7 business days from the date of notice of the expert to file an appropriate motion to preclude the employment of the expert or consultant or disclosures of materials to him or her, and no material that is the subject of the objection will be disclosed until the motion is decided.  The times to respond as set out in this subparagraph do not begin to run unless the notice regarding the expert complies with the requirements set out in this paragraph;

d.      Any interpreter, or court or other shorthand reporter or typist translating, recording or transcribing testimony;

e.      Any person of whom testimony is taken, except that such person may only be shown copies of "ATTORNEYS' EYES ONLY INFORMATION" during his testimony, and may not retain any "ATTORNEYS' EYES ONLY INFORMATION;"

f.      Any person who authored or was an identified original recipient of the particular "ATTORNEYS' EYES ONLY INFORMATION" sought to be disclosed to that person, except that, if the person is a former employee of the party to whom the information belongs, that person may not be shown the information without the prior written approval of such party;

g.      Service contractors (such as document copy services);

h.      Personnel of the Court and all appropriate courts of appellate jurisdiction;

6

i.     Any other person agreed to by the parties in writing.  ATTORNEYS' EYES ONLY INFORMATION must not be disclosed to persons described in paragraphs 5(b), (c) and (i) unless and until the person has executed an affidavit in the form attached as Exhibit A, and the form has been served on counsel for all parties; and

j.     The receiving party must act with all prudence to prevent any person identified in paragraphs 5(a) through 5(i), inclusive, from themselves using any ATTORNEYS' EYES ONLY INFORMATION or disclosing the same to others and to insure that any person identified in paragraphs 5(a) through 5(i), inclusive, complies with paragraph 22.

6.     The recipient of any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" that is provided under this Order must maintain the information in a secure and safe area and exercise the same standard of due and proper care with respect to the storage, custody, use and dissemination of the information as is exercised by the recipient with respect to its own proprietary information.  Provided, however, that TASER and STINGER's designated in-house litigation counsel may maintain any "ATTORNEYS' EYES ONLY INFORMATION" provided pursuant to this Order in a locked file cabinet in a segregated file. "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" must not be copied, reproduced, summarized or abstracted, except to the extent that the copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All copies, reproductions, summaries and abstractions are subject to the terms of the Order, and must be labeled in the same manner as the designated material on which they are based.

7.     Disclosing parties must designate "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" as follows:

a.     In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation must be made by placing the following legend on every page of any document prior to production: "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."  The foregoing does not preclude the inclusion of additional text in the legend, such as "Subject to a Protective Order," or any other similar designation.  In the event that a party inadvertently fails to stamp or otherwise designate a

7

document or other information as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" at the time of its production, that party may within fourteen (14) days after disclosure designate the information as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" by giving written notice to all parties.  Under these circumstances, however, no receiving party has any obligation or liability due to any disclosure of the information which occurred prior to the receipt of such notice; provided, however, any subsequent disclosures must be in accordance with the designation.

b.   In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" must be made by a statement to such effect on the record in the course of the deposition; or upon review of the transcript, by counsel for the party to whose "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" the deponent has had access, the counsel designating within fourteen (14) days after counsel's receipt of the transcript, and listing on a separate piece of paper the number of the pages of the transcript containing "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending designation by counsel, the entire deposition transcript, including exhibits, is deemed "CONFIDENTIAL INFORMATION," unless counsel during the deposition states that the information is "ATTORNEYS' EYES ONLY INFORMATION." If no designation is made within fourteen (14) days after receipt of the transcript, the transcript will be considered not to contain any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" other than those portions designated on the record during the deposition, if any.

c.   Subject to public policy, and further court order, nothing will be filed under seal, and the court will not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

///

d.      Any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" produced in non-paper media (e.g., videotape, audio tape, computer disk, etc.) may be designated by labeling the outside of the non-paper media as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION." In the event a receiving party generates any "hard copy" transcription, or printout from any designated non-paper media, the party must stamp each page "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," and the hard copy, transcription or printout must be treated as it is designated.

8.      A party is not obligated to challenge the propriety of a "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" designation at the time made, and failure to do so does not preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation, that party must provide to the disclosing party written notice of its disagreement with the designation.  The parties will first try to dispose of the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.  The burden of proving that information has been properly designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" is on the party making the designation.

9.      "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" will be used by the receiving party only for the purpose of conducting this action, and not for any business or other purpose whatsoever.  No "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," or the contents thereof, may be disclosed to or used with any representative, agent, attorney or employee of the receiving party, except as provided in this Order.  Nothing contained in this Order precludes a disclosing party from using or disseminating its own "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

10.      In the event that any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" is used in any court proceeding in connection with this litigation,

it will not lose its "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" status through such use, and the parties must take all steps reasonably required to protect its confidentiality during such use.

11.     Third parties (non-parties) may (i) designate deposition transcripts and any documents or information they produce, whether voluntarily or by subpoena, as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" to the same extent and in the same manner as parties to this litigation and the documents or information will be treated by the parties to this litigation in the same manner as documents or information so designated by a party; and (ii) intervene in this litigation to enforce the provisions of this Order as if they were a party.

12.     Notwithstanding the designation, as provided above, of any testimony, evidence or other matters as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," the documents, testimony, evidence and other materials will not, in fact, be deemed "CONFIDENTIAL INFORMATION" and will not be subject to this Order, if the substance thereof:

a.     is, at the time of disclosure by the designating party, public knowledge by publication or otherwise;

b.     has become, at any time, and through no act or failure to act on the part of the recipient party and without breach of any obligation of confidence, public knowledge;

c.     has been made available to the recipient party by a third person who obtained it by legal means and without any obligation of confidence to the disclosing party; or

d.     (i) was, at the time of disclosure by the disclosing party, already in the possession of the receiving party and not subject to a protective order by another court or this Court, (ii) appears in a document as generated and possessed by the receiving party prior to the disclosure, and (iii) was not acquired by the receiving party from the disclosing party directly or indirectly.  The term "document" includes printed, written and electronically stored information.

13.     If "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION," or any portion thereof, is disclosed by the receiving party, through inadvertence

10

or otherwise, to any person or party not authorized under this Order, then the receiving party will use its best efforts to immediately retrieve all copies of the document or information and to bind such person to the terms of this Order, including cooperation in obtaining an order of the Court to remedy the disclosure, if necessary.  In this event, the receiving party also will (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the disclosing party and inform the disclosing party of all pertinent facts relating to the disclosure, and (c) request such person to sign the acknowledgment in the form attached as Exhibit A.

14.     Nothing in this Order precludes any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" which the party itself has designated to an employee of the disclosing party, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from that party's own files which the party itself has designated as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

15.     In the event any receiving party having possession, custody or control of any "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" receives a subpoena or other process or order to produce the  information in another, unrelated legal proceeding, from a non-party to this action, the  receiving party will notify counsel for the disclosing party or third party of the subpoena or other process or order, furnish counsel for the disclosing party or third party with a copy of the subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the disclosing party or third party whose interests may be affected.   The disclosing party or third party asserting the "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" treatment has the burden of defending against the subpoena, process or order.  The receiving party receiving the subpoena or other process or order may comply with it except to the extent the disclosing party or third party asserting the "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

///

16.     Counsel for either party has the right to exclude from oral depositions, other than the deponent and the reporter, any person who is not authorized by this Protective Order to receive documents or information designated "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."   The right of exclusion is applicable only during periods of examination or testimony directed to or comprising "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION."

17.     Within 60 days of the termination of litigation between the parties, all "CONFIDENTIAL INFORMATION," all "ATTORNEYS' EYES ONLY INFORMATION", and all copies thereof must be returned to the party which produced it or must be destroyed.  Counsel for each party is entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

18.     Except as specifically provided in this Order, the terms, conditions, and limitations of this Order survive the termination of this action.  This Order remains in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written request.

19.     This Protective Order is without prejudice to the right of any party to seek relief from the Court.

20.     This Protective Order will not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material will only be as otherwise provided by the discovery rules and other applicable laws.

21.     It is agreed that inadvertent production of documents or information subject to the attorney-client privilege or work product immunity (despite the parties' best efforts to prescreen documents and information prior to its production) does not waive the attorney-client privilege or work product immunity with respect to the production or with respect to other materials or information referred to in the materials produced, if a request for return or destruction of the documents or information is made promptly after the disclosing party learns of its inadvertent production.  Upon request, the other party or parties must promptly return or destroy all copies of

the documents or information referred to the producing party.  Such action does not constitute an acknowledgment that the claimed document or information is in fact privileged or entitled to the protections or immunity.  Nothing in this paragraph prejudices the right of any party to seek discovery of communications, documents and things as to which a claim of privilege has been made.

22.    The receiving party must not use CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION in research or product development.  The Court retains jurisdiction of the parties for the purpose of enforcing this Protective Order and adjudicating any breach (including, without limitation, this paragraph 22).

Dated this 7th day of October, 2010.

_____
Peggy A. Leen
United States Magistrate Judge

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION
## COVERED BY STIPULATION AND PROTECTIVE ORDER

I, _____, hereby acknowledge that I have received a copy of the Stipulation and Protective Order entered in this action by the United States District Court for the District of Nevada ("the Protective Order").

I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

I understand the terms of the Protective Order and agree to comply with and to be bound by such terms,

If I receive documents or information designed as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order,

I agree to hold in confidence and not further disclose or use for any purpose (other than as permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order, and

I hereby submit myself to the jurisdiction of the United States District Court for the District of Nevada for resolution of any matters pertaining to the Protective Order.

My address is _____

_____

_____

My present employer is _____

Signature _____        Date _____

14