# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TASER INTERNATIONAL, INC.,    )
                                              )
                      Plaintiff,    )    Case No. 2:09-cv-00289-KJD-PAL
                                              )
vs.                                        )    **ORDER**
                                              )
STINGER SYSTEMS, INC., *et al.,*   )
                                              )
                    Defendants.  )
_____)

The court conducted status conferences in this matter on November 9, 2010, and December 28, 2010. Glen Hallman and Holly Gibeaut were present on behalf of Plaintiff. Defendant McNulty appeared *pro se*, and Marvin Simeon appeared on behalf of the remaining Defendants. The court reviewed the Joint Status Reports (Dkt. ##161, 165, 169) which outline the parties' discovery and scheduling disputes. Counsel have been able to resolve or "conditionally resolve" a number of disputes, and are still conferring on a number of disputes.

At the hearing conducted November 9, 2010, Plaintiff's Request to Compel Defendant McNulty to produce impeachment materials was denied based on McNulty's representation that he does not intend to use these materials during his case-in-chief, and that the documents were not responsive to any written discovery requests. After the hearing, Plaintiff served Defendant McNulty with a Request for Production. The Response to the Request for Production was provided to counsel for Plaintiff just prior to the hearing. Defendant McNulty confirmed that the documents attached to his response are all documents he has in his care, custody and control which are responsive to the request. Under these circumstances, both sides agree the parties' dispute concerning these impeachment materials is moot. Defendant McNulty was reminded of the court's oral ruling at the November 9, 2010 hearing that he

1  will be precluded from using any documents not disclosed to opposing counsel to support his claims or
2  defenses in discovery, motion practice or during his case-in-chief.

3  The Joint Status Reports also contain proposed schedules for discovery plan and scheduling
4  order deadlines to complete discovery of the Plaintiff's claims.  Plaintiff opposes beginning discovery
5  on McNulty's counterclaim; however, McNulty wishes to proceed.  The court heard arguments of
6  counsel regarding their competing proposed discovery schedules.  Plaintiff believes that discovery
7  should not begin on the counterclaim because there are pending dispositive motions which could
8  obviate the need to take discovery at all; Defendant McNulty believes discovery should commence
9  immediately on the counterclaim.  Both sides agree that decision of pending dispositive motions will
10 greatly influence the remaining discovery required.  Counsel for Taser agrees that Defendants' joint
11 motion for an order to show cause and motion for partial summary judgment may dispose of certain
12 claims.  Additionally, Taser's damages expert cannot prepare a report until receiving financial
13 documents and tax returns Defendants Stinger and Gruder have agreed to produce no later than January
14 27, 2011.  McNulty appealed the undersigned's order compelling him to produce financial records and
15 tax returns.  Counsel for Taser requested forty-five days from receipt of the disputed documents to
16 prepare an expert report.  The parties are in general agreement that approximately ninety days should be
17 required to complete discovery of Taser's claims once the pending dispositive motions are decided.
18 The court will continue this matter for a status conference in approximately thirty days, and defer entry
19 of a final discovery plan and scheduling order to complete discovery on Taser's claims.

20 With respect to McNulty's request to initiate discovery on his counterclaim, the court has taken
21 a "preliminary peek" at Plaintiff's pending dispositive motion (Dkt ##107, 108).  Taser seeks to strike
22 certain allegations in the counterclaim as immaterial, impertinent and scandalous, and to dismiss
23 McNulty's indirect infringement claims asserting they do not meet minimum pleading requirements.  If
24 granted, the motion would not dismiss McNulty's direct infringement claims.

25 Having reviewed and considered the matters,
26 **IT IS ORDERED**:
27 1. Plaintiff's request to compel Defendant McNulty to produce impeachment materials is
28    **DENIED** as **MOOT**.  Having represented that he has produced all responsive

documents in his possession, custody or control, McNulty will be precluded from introducing any documents not produced to opposing counsel to support his claims or defenses in discovery, motion practice or in his case-in-chief at trial.

2. The court will defer entering a Discovery Plan and Scheduling Order to complete discovery of Taser's claims and Defendants' defenses to those claims given the number of dispositive motions pending likely to impact the scope of discovery.

3. Discovery shall commence on Defendant McNulty's counterclaims alleging direct infringement, but shall not proceed with the indirect infringement claims until after decision of the pending dispositive motions. The following schedule shall apply:

   a. On or before **January 11, 2011,** the parties shall conduct an initial scheduling conference pursuant to FRCP 26(f).

   b. **INITIAL DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS.**

   On or before **January 25, 2011,** the party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the Disclosure of Asserted Claims and Infringement Contentions shall contain the following information:

   i. Each claim of each patent that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

   ii. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name and model number, if known. Each method or process shall be identified by name, if known or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   iii. A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

   iv. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

   v. Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

   vi. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

   vii. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim; and

   viii. If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

  c. **DOCUMENT PRODUCTION ACCOMPANYING ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS.**

  With the Disclosure of Asserted Claims and Infringement Contentions, the party claiming patent infringement shall produce to each opposing party or make available for

inspection and copying:

    i.    Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, any public use of, the claimed invention prior to the date of application for the patent. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

    ii.    All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent or the priority date identified pursuant to Patent LR 3-1(f), whichever is earlier;

    iii.    A copy of the file history for each patent;

    iv.    All documents evidencing ownership of the patent rights by the party asserting patent infringement; and

    v.    If a party identifies instrumentalities pursuant to Patent LR 3-1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims. The producing party shall separately identify by production number which documents correspond to each category.

d.    **INITIAL DISCLOSURE OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY CONTENTIONS.**

On or before **March 7, 2011,** each party opposing a claim of patent infringement shall serve on all other parties "Non-Infringement, Invalidity and Unenforceability Contentions" which shall include:

    i.    A detailed description of the factual and legal grounds for contention of non-infringement, if any, including a clear identification of each

      limitation of each asserted claim alleged not to be present in the Accused Instrumentality;

  ii.  A detailed description of the factual and legal grounds for contentions of invalidity, if any, including an identification of the prior art relied upon and where in the prior art each element of each asserted claim is found. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

  iii.  Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combination of prior art showing obviousness;

  iv.  A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

    v.  A detailed statement of any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or failure of enablement, best mode, or written description requirements under 35 U.S.C. § 112(1); and

    vi.  A detailed description of the factual and legal grounds for contentions of unenforceability, if any, including the identification of all dates, conduct, persons involved, and circumstances relied upon for the contention, and, where unenforceability is based upon any alleged affirmative misrepresentation or omission of material fact committed before the United States Patent and Trademark Office, the identification of all prior art, dates of prior art, dates of relevant conduct, and persons responsible for the alleged affirmative misrepresentation or omission of material fact.

  e.  **RESPONSE TO INITIAL NON-INFRINGEMENT, INVALIDITY AND UNENFORCEABILITY CONTENTIONS.**

    On or before **March 21, 2011,** each party claiming patent infringement shall serve on all other parties its Response to Non-Infringement, Invalidity and Unenforceability Contentions. The Response shall include a detailed description of the factual and legal grounds responding to each contention of non-infringement; invalidity, including whether the party admits to the identity of elements in asserted prior art and, if not, the reason for such denial; and unenforceability.

  f.  **AMENDMENT TO DISCLOSURES.**

    Amendment of initial disclosures required by these Patent Local Rules may be made for good cause without leave of court anytime before the discovery cut-off date. Thereafter, the disclosures shall be final and amendment of the disclosures may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include: (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material

prior art despite earlier diligent search; (c) recent discovery of nonpublic information about the Accused Instrumentality despite earlier diligent search.  The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

  g. **EXCHANGE OF PROPOSED TERMS FOR CONSTRUCTION.**

  On or before **April 11, 2011,** each party shall serve on each other party a list of patent claim terms that the party contends should be construed by the Court and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6).  The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction and Prehearing Statement.  The parties shall jointly identify the terms likely to be most significant to resolving the parties' dispute, including those terms for which construction may be case or claim dispositive.

  h. **EXCHANGE OF PRELIMINARY CLAIM CONSTRUCTIONS AND EXTRINSIC EVIDENCE.**

  On or before **May 12, 2011,** the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction.  Each such "Preliminary Claim Construction" shall also, for each term which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that term's function.

  At the same time the parties exchange their respective Preliminary Claim Constructions, each party shall also:

    i. Identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.  Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced.  With respect to any

|   |   | supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction; and |
|---|---|---|
|   | ii. | Schedule a time for counsel to meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction and Prehearing Statement. |

i. **JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT.**

On or before **May 27, 2011,** the parties shall prepare and submit to the Court a Joint Claim Construction and Prehearing Statement, which shall contain the following information:

    i. The construction of those terms on which the parties agree;

    ii. Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses;

    iii. An identification of the terms whose construction will be most significant to the resolution of the case.  The parties shall also identify any term whose construction will be case or claim dispositive.

    iv. The anticipated length of time necessary for the Claim Construction Hearing; and

    v. Whether any party proposes to call one or more witnesses at the Claim Construction Hearing, the identity of each such witness, a summary of his or her testimony including, for any expert, each opinion to be offered

related to claim construction. Terms to be construed by the Court shall be included in a chart that sets forth the claim language as it appears in the patent with terms and phrases to be construed in bold and include each party's proposed construction and any agreed proposed construction.

    j.    **CLAIM CONSTRUCTION BRIEFING.**

On or before **June 27, 2011,** the party claiming patent infringement shall serve and file an opening claim construction brief and any evidence supporting its claim construction.

On or before **July 11, 2011,** each opposing party shall serve and file its responsive brief and supporting evidence.

On or before **July 19, 2011,** the party claiming patent infringement shall serve and file any reply brief and any evidence directly rebutting the supporting evidence contained in an opposing party's response.

4. A status and dispute resolution conference is set for **January 27, 2011, at 8:45 a.m.** The parties shall have until **January 25, 2011**, to file a Joint Status Report.

Dated this 28th day of December, 2010.

_____
Peggy A. Leen
United States Magistrate Judge