**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

TASER INTERNATIONAL, INC.,

Plaintiff,

v.

STINGER SYSTEMS, INC., et al.,

Defendants.

Case No. 2:09-CV-00289-KJD-PAL

**ORDER**

Currently pending before the Court is Defendant James McNulty's ("McNulty" or "Defendant") Motion for Order to Show Cause (#78). Plaintiff filed a Response in opposition (#97), to which Defendant filed a Reply (#99). Additionally pending before the Court is Plaintiff's Motion to Strike (#107). Defendant McNulty filed a Response in opposition (#129), to which Plaintiff filed a Reply (#139). Also before the Court is Plaintiff's Motion to Dismiss (#108). Defendant McNulty filed a Response in opposition (#127), to which Plaintiff filed a Reply (#136).

The parties to this litigation have a rather extensive history as noted in previous filings. Plaintiff Taser, a publicly-traded company, develops numerous technologies for use by law enforcement, military, private security agencies, and consumers. It is most well known for its TASER Electronic Control Device ("ECD") product line, which delivers electrical current to a subject, like a "stun gun", causing temporary incapacitation. Unlike a stun gun however, Taser's

ECD's can fire small probes that attach to a subject and allow a user to temporarily incapacitate a subject from a distance. Taser has experienced significant success marketing its ECD's.

Defendant Stinger, also a publicly-traded company, produces a competing ECD. Defendant Gruder was Stinger's CEO during the time period pertinent to this litigation. Defendant McNulty, an attorney licensed to practice law in California, sold patents and molds to Stinger in exchange for shares of Stinger stock. Taser alleges that, with Gruder's approval, McNulty drafted misleading press releases for Stinger that affected Taser's stock value. The Complaint alleges that on January 28, 2008, the Securities and Exchange Commission filed a complaint against Stinger and Gruder in the Northern District of Georgia alleging that Stinger and Gruder issued press releases and direct mailings containing material misrepresentations and omissions regarding Stinger's products, and artificially inflating the price of Stinger stock, "causing a spike in trading volume" in violation of 15 U.S.C. § 78j(b).

Bestex Company, Inc. ("Bestex") is a privately-held company that distributes traditional stun guns, or stun batons, among other things. Defendant McNulty also drafted press releases for Bestex, and has represented Bestex *pro bono* in past litigation. Among other things, the Complaint alleges that McNulty authored press releases and other documents that were issued by Stinger and Bestex with Gruder's assistance and/or approval that attempted to, and succeeded in, damaging Taser by manipulating Taser and Stinger's stock prices. Plaintiff alleges that Taser was damaged by the misleading information when investors "shorted" Taser stock due to the artificially depressed share price, causing investors to be more hesitant to infuse capital into the company. Plaintiff additionally alleges that McNulty owned shares of Stinger and LEA (a publicly traded company that produces and sells surveillance equipment for use by law enforcement) when he authored the misleading press releases.

Plaintiff's Complaint was filed on February 11, 2009, against Stinger, McNulty and Gruder alleging four claims for relief for: (1) violations of the Securities Exchange Act of 1934, 15 U.S.C.

§78j(b); (2) trade libel/defamation; (3) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); (4) abuse of process; and (5) deceptive trade practices.

On August 2, 2010, Defendant filed an Amended Answer and Counterclaim (#92) bringing two claims of patent infringement against Plaintiff Taser. Defendant's Immediate Motion for Order to Show cause seeks that the Court hold Plaintiff in contempt under 18 U.S.C. § 421 for retaining evidence, including e-mails and transcripts of conversations recorded by third party Paul Feldman ("Feldman") with McNulty. Defendant McNulty seeks that the Court "punish" Plaintiff to "such degree and in such measure that it dare not in future (sic) ever again even think about so misusing the United States judicial system . . ." (#78 at 14.) McNulty seeks that the Court fine Plaintiff for contempt in the amount of $2,000,000. Additionally McNulty seeks that the Court impose the sanction of dismissal, as "Defendants can no longer be insured a fair trial." (#78 at 16.) The Court first examines McNulty's Motion for Order to Show Cause, and then examines Plaintiff's Motion for Sanctions and Motion to Dismiss.

**II. Motion for Sanctions**

Before granting a Motion seeking the extreme sanction of dismissal, the district court must first determine that less drastic sanctions will be ineffective. See Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990). Dismissal is only appropriate where "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." Leon v. IDX Systems Corp.,464 F.3d 951, 958 (9th Cir. 2006) (citing Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995). Before imposing the "harsh sanction" of dismissal, a court must consider the following factors: (a) the public's interest in expeditious resolution of litigation; (b) the court's need to manage its dockets; (c) the risk of prejudice to the party seeking sanctions; (d) the public policy favoring disposition of cases on their merits; and (e) the availability of less drastic sanctions. See Leon, 464 F.3d at 958 (citing Anheuser-Busch, 69 F.3d at 348).

The Court has reviewed Defendant's allegations that Plaintiff violated discovery rules by failing to turn over tapes, e-mails and transcripts in its possession, and finds that the record does not support Defendant's request for sanctions. Rather, the record shows that Feldman has stated he was not working as an agent for Taser when he recorded his conversations with McNulty, that Taser turned over all recordings in its possession within two weeks of receiving said recordings from Feldman, that Taser additionally turned over transcripts of the conversations, and that Taser's discovery responses were sufficiently accurate pursuant to Fed. R. Civ. P. 26. Accordingly, good cause lacking, the Court finds Defendant McNulty's Motion for Order to Show Cause should be denied.

## III. Motion to Strike

As stated above, also pending before the Court is Plaintiffs Motion to Strike (#107), and Motion to Dismiss (#108), filed jointly. Plaintiff seeks that the Court strike certain averments from the Counterclaim of Defendant McNulty, alleging that said averments are immaterial, impertinent, and scandalous, and would greatly prejudice Taser if they remain in the Counterclaim. Plaintiff's Motion to Dismiss (#108) seeks that the Court dismiss McNulty's claims for indirect infringement pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Under Fed. R. Civ. P. 12(f) a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Matter is considered "immaterial" if it has no bearing on the controversy before the Court. In re TheMart.com, Inc. Sec. Litig., 114 F.Supp. 2d 955, 965 (C.D. Cal. 2000). Allegations are "impertinent" if they are not responsive to the issues that arise in the action and are inadmissible as evidence. Id. "Scandalous" matter has been described to include allegations that cast a cruelly derogatory light on a party or other person. Id. (citing Skadegaard v. Farrell, 578 F. Supp. 1209, 1221 (D.N.J. 1984).

A Rule 12(f) motion is considered a "drastic remedy" that is "generally disfavored" by federal courts. Nevada Fair Housing Center, Inc. v. Clark County, 565 F.Supp.2d 1178 (D. Nev. 2008) (citing Germaine Music v. Universal Songs of Polygram, 275 F.Supp.2d 1288, 1300 (D.Nev. 2003);

See also Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D.Cal.1996) ("Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.") (citations omitted).

Despite its general disfavor, however, a district court's ruling on a motion to strike is reviewed only for an abuse of discretion. See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc., 397 F.3d 1217, 1224 n.4 (9th Cir. 2005). This is because the essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)(rev'd on other grounds Fogerty v. Fantasy, Inc. 510 U.S. 517 (1994)).

On June 24, 2010, the Court addressed the language used by the parties to this action, admonishing both parties, and especially Defendant McNulty, against the use of such language as that set forth in the Parties' Joint Status Report (#73). The Court held that such language is deemed unacceptable and not worthy of review. Defendant's Counterclaim (#92) filed August 2, 2010, includes language similar to that of the Status Report for which the parties were previously admonished.

Here, although the Court finds ample justification for striking portions of Defendant's Counterclaim as suggested in Plaintiff's Motion, for purposes of judicial economy, the Court will not do so at this time. If however similar tactics are employed in the course of discovery or litigation the Court will entertain a second motion to strike. Again, the Court admonishes Defendant McNulty against the use of unacceptable language and allegation. The court process is not a forum wherein a party may "air every grievance he has", Clark v. Goodwill Industries of Hawaii, Inc., 2009 WL 3050277 *10 (D. Hawaii, Sept. 2009), and should litigants continue to use this forum as an opportunity to disparage or campaign, sanctions will be entered.

Accordingly, the Court finds that Plaintiff's Motion to Strike should be denied at this time.

**IV. Motion to Dismiss**

As stated above, Plaintiff also seeks that the Court dismiss Defendant McNulty's Counterclaims for indirect and contributory infringement, averring that said claims fail to meet the minimum pleading requirements.

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**A. Indirect Infringement**

To effectively state a claim for indirect infringement under 35 U.S.C. § 271(b), a patentee must prove that a third party has itself infringed the patent and that the infringer induced such infringement while knowing about the patent and specifically intending to cause the infringement. See ACCO Brands, Inc. v. ABA Locks Mfr. Co., 501 F.3d 1307, 1312 (Fed. Cir. 2007).

McNulty's Counterclaim specifically alleges Taser has continued to sell "both alone and in combination with O .F. Mausberg" . . . embodiments of the 199 and 434 inventions "X-Rep Projectile" and "a dedicated and infringement inducing X-12 shotgun launch platform for the projectile." (#127 at 4.) The Court finds that said allegations sufficiently infer that Taser intentionally sells a dedicated shotgun or gun that has no other purpose except firing an infringing X-REP projectile.

**B. Contributory Infringement**

To effectively state a claim for contributory infringement liability under 35 U.S.C. § 271(c), a patentee seeking to establish liability for contributory infringement must prove that some third party directly infringed the patent. See Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 774 (Fed. Circ. 1993) ("Liability for . . . contributory infringement is dependent upon the existence of direct infringement."). The patentee must also prove that (1) the alleged contributory infringer sold or offered to sell the third party a component of the patented invention, (2) the component constituted a material part of the invention, and (3) the alleged contributory infringer knew that the component was especially made or adapted for use in the patented invention and not a staple article or commodity of commerce suitable for substantial noninfringing use. 35 U.S.C. § 271(c); see Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 489 (1964) ("271(c) does require a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing.")

McNulty avers that the patent specifications of his 199 patent describe a "mechanical interface" which includes both the projectile and the shotgun as components, and that "by selling the

X-REP and X-12 shotgun, Taser supplies component parts for his claim 21 apparatus (see #58-1 at 15), to an infringing purchaser.

Taser, in opposition, avers *inter alia* that McNulty's Counterclaim should be dismissed because McNulty fails to prove that a third party directly infringed the patent. In response, McNulty has filed a Motion for a Rule 56(d) stay requesting that the Court allow him the "opportunity to discover . . . to whom [] Taser has sold its X-REP projectiles and/or X-12 shotguns or components of either." (#128 at 2.) The Court agrees with Taser that the Counterclaim does not identify a third party infringer, as required to state a claim for either indirect or contributory infringement. However, because the Court construes pro se pleadings liberally and has an interest in the disposition of cases upon the merits, the Court will deny Taser's Motion to Dismiss, at this time, pending Defendant McNulty's filing of an Amended Counterclaim on or before April 30, 2011, which shall remedy the shortcomings of his Counterclaim as currently pled. Failure to comply with the Court's ruling will result in dismissal of Defendant McNulty's claims for indirect and contributory infringement

## V. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Joint Motion for Order to Show Cause (#78) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (#107) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss (#108) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant McNulty shall file an amended counterclaim on or before April 30, 2011.

DATED this 25th day of March, 2011.

Kent J. Dawson
United States District Judge