# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TASER INTERNATIONAL, INC., | |
| Plaintiff, | Case No. 2:09-cv-0289-KJD-PAL |
| vs. | **ORDER** |
| STINGER SYSTEMS, *et al.*, | (Mot. Bifurcate Disc - Dkt. #200) |
| Defendants. | |

Before the court is Plaintiff's Motion to Bifurcate Discovery (Dkt. #200). The court has considered the Motion.

This case has been pending for some time and has a long and convoluted procedural history. Plaintiff's has asserted claims against the Defendants for securities fraud, trade libel, unfair competition, and abuse of process. On March 25, 2011, the District Judge entered an Order (Dkt. #187) denying Defendants' Joint Motion for an Order to Show Cause (Dkt. #78); denying Plaintiff's Motion to Strike (Dkt. #107); denying Plaintiff's Motion to Dismiss (Dkt. #108); and requiring Defendant McNulty to file and amended counterclaim on or before April 30, 2011.

An Amended Counterclaim (Dkt. #190) and Errata (Dkt. #191) were filed, and an Answer to the Counterclaim (Dkt. #192) was filed. The Plaintiff filed a Motion to Extend Deadlines Regarding Defendant McNulty's Patent Counterclaim (Dkt. #186) which the undersigned disposed of in an Order (Dkt. #189) entered April 12, 2011. The motion sought an extension of the court's Scheduling Order entered December 3, 2010 (Dkt. #174) concerning McNulty's direct patent infringement counterclaim because of a dispute concerning whether McNulty had complied with his disclosure obligations. Plaintiff sought a six-week extension of the Discovery Plan and Scheduling Order deadlines to effectuate the court's purpose of giving Plaintiff six weeks to review, analyze and respond to McNulty's

disclosures before serving Plaintiff's detailed non-infringement, invalidity, unenforceability contentions and documents supporting its disclosure. The Defendants did not oppose the request, and the court gave Plaintiff an extension until April 18, 2011, in which to serve its detailed non-infringement, invalidity and unenforceability contentions and documents supporting its disclosure. The order gave McNulty until May 2, 2011, to serve his response, and indicated that the remaining deadlines established in the court's prior Order (Dkt. #174) continued to apply.

Plaintiff now seeks to bifurcate discovery on the Plaintiff's claims, from McNulty's patent counterclaims asserting the claims are wholly independent and require different factual and expert discovery. Taser asks that the court order that the parties may proceed with discovery on its claims without prejudice to conducting separate discovery on McNulty's patent counterclaims. Although Taser seeks to bifurcate discovery, it "ultimately believes the trial in this matter should be bifurcated for many of the same reason bifurcation of discovery is appropriate and necessary." The parties have limited discovery because of pending dispositive motions. Under the court's plan, the parties are limited to taking ten depositions of up to seven hours each pursuant to Rule 30(a)(2) and (d), and to propound twenty-five interrogatories. Plaintiff argues that bifurcating discovery will encourage efficient and streamlined discovery, and that combining discovery on both claims and counterclaims will significantly slow down the discovery process. Plaintiff argues that McNulty's counterclaims are not compulsory, and suspects the counterclaim was filed to delay discovery and resolution of Plaintiff's claims, and to distract attention from McNulty's own misconduct. For these reasons, Taser objected to allowing a counterclaim to be filed. Counsel for Taser communicated with Mr. McNulty by e-mail and understands that Mr. McNulty would agree to bifurcate discovery of Plaintiff's claims from his own counterclaims if Taser agreed not to seek to bifurcate the trial. However, Taser would not agree, and therefore seeks the court's intervention.

The motion will be denied. The Complaint (Dkt. #1) in this case was filed February 11, 2009. Pursuant to the Civil Justice Reform Act, it should be tried no later than February 2012. The district judge granted McNulty's request to assert counterclaims over Plaintiff's objections and arguments the motion was filed to delay adjudication of the parties' claims and defenses. Given the numerous disputes the parties have had throughout the course of this case, bifurcating discovery will make it virtually

impossible to bring the case to trial within three years of the date of filing.   Accordingly,

**IT IS ORDERED** Plaintiff's Motion to Bifurcate Discovery (Dkt. #200) is **DENIED.**

Dated this 26th day of July, 2011.

                                                                 _____
Peggy A. Leen
United States Magistrate Judge