UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TASER INTERNATIONAL, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STINGER SYSTEMS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 2:09-cv-00289-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion in Limine – dkt. no. 269;<br>Def.'s Motion to Strike – dkt. no. 214) |

Before this Court is Defendant McNulty's Motion in Limine (dkt. no. 269) and Motion to Strike (dkt. no. 214 at 1-2). For the following reasons, the motions are denied.

**I.   BACKGROUND**

These motions concern the upcoming *Markman* claim construction hearing in Defendant McNulty's (hereinafter "McNulty") patent infringement counterclaim against Plaintiff Taser International ("TASER").  This case was filed on February 11, 2009, by TASER alleging, *inter alia*, that Defendants engaged in unfair business practices by publishing misleading press releases that negatively impacted the value of TASER stock.

McNulty filed a counterclaim against TASER for patent infringement (*see* dkt. no. 92), which TASER sought to dismiss.  The Court denied TASER's dismissal motion (*see* dkt. no. 187).  This Motion in Limine concerns the upcoming claim construction hearing.

## II. LEGAL STANDARD

A motion in limine is a request for the court's guidance concerning an evidentiary question. *See Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999). Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C & E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *See, e.g., Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## III. DISCUSSION

McNulty seeks to strike the declaration of expert witness Jeffrey Rodriguez, filed by TASER (*see* dkt. no. 209), on the grounds that it does not comply with the procedures set out in the Magistrate Judge's December 30, 2010, order (*see* dkt. no. 174) for briefings in anticipation of the *Markman* hearing. McNulty argues that the declaration should be stricken from consideration in the *Markman* hearing because the expert witness and his testimony was not identified in the joint claim construction statement. Since the only expert identified by TASER is Magne Nerheim, McNulty contends that the introduction of testimony from Jeffrey Rodriguez is prohibited per the Court's Order.

TASER responds by noting that the declaration was filed in a timely manner to respond to evidence and opinions that McNulty did not disclose until his opening claim construction brief. TASER also argues that the time in between the last of the *Markman* briefing and the date of the hearing gives McNulty adequate time to prepare so as to render the declaration non-prejudicial, particularly since TASER reserved the right to call expert witnesses to respond to McNulty. TASER also notes that McNulty responded to the testimony presented by Dr. Rodriguez's declaration in his reply. TASER argues that its filing of Dr. Rodriguez's declaration was thus warranted in light of McNulty's testimony.

///

It is evident that McNulty's expert testimony went beyond the scope of that which he disclosed in the joint disclosure statement. The joint disclosure was meant to allow both parties to respond fairly to each other's claim construction arguments and, as such, necessitated accurate disclosure of the scope of their expert testimony. Taser's use of Dr. Rodriguez's declaration was, under the circumstances, a reasonable response to McNulty's opening claim construction brief.

In addition, while the Magistrate Judge's Order did not contemplate briefings that went beyond the scope of the disclosures made in the joint statement, the lack of any prejudice to McNulty counsels against granting his motion. No prejudice inhered in TASER's understandable decision to supplement its claim construction response with the declaration, particularly in light of the extended preparation time afforded to the parties. McNulty's opening brief exceeded the scope of the joint statement he filed, and TASER would have prejudiced itself by not responding in kind.[1] Faced with the choice of either allowing or striking testimony beyond that which was contemplated in the joint statement, the Court chooses to admit more, rather than less, information. Given that McNulty had the opportunity to respond to Dr. Rodriguez's testimony, and given that both sides have had ample opportunity to prepare for the *Markman* hearing, there is no prejudicial effect in allowing the testimony to be used in claim construction.

**IV.    CONCLUSION**

IT IS HEREBY ORDERED that Defendant McNulty's Motion in Limine (dkt. no. 269) and Motion to Strike (dkt. no. 214) are DENIED.

///

///

///

///

---

[1] In addition to his failure to limit his expert testimony, McNulty has not complied with the disclosure rules of Fed. R. Civ. P. 26(a)(2). The introduction of expert testimony requires compliance with this Rule.

1 | IT IS FURTHER ORDERED that Defendant McNulty will file supporting documentation to comply with Fed. R. Civ. P. 26(a)(2) within seven (7) calendar days of the filing of this Order.

ENTERED THIS 19th day of July 2012.

_____
UNITED STATES DISTRICT JUDGE