UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TASER INTERNATIONAL, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>STINGER SYSTEMS, *et al.*,<br><br>        Defendants. | Case No. 2:09-cv-00289-MMD-PAL<br><br>ORDER |

      Before the Court is Defendant James F. McNulty's motion to strike (dkt. no. 251). Good cause appearing, McNulty's motion is denied.

      McNulty seeks to strike Paragraph 20 of TASER's Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(f) on the grounds that the paragraph in question is immaterial and prejudicial to the Defendants. However, McNulty had earlier admitted the same paragraph's allegations in his Answer to the SAC. (*See* dkt. no. 92.) Courts generally disfavor motions to strike. *See Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D.Cal.1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."); *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996) ("Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.").

Moreover, Rule 12(f) motions must be "made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). McNulty had already responded to the SAC, and cannot now ask the Court to strike the pleading. *See Culinary and Service Employees Union, AFL-CIO Local 555 v. Hawaii Employee Ben. Admin.*, 688 F.2d 1228, 1232 (9th Cir. 1982) (holding that it was error for district court to grant a motion to strike where motion was filed after the party had answered the complaint).

IT IS ORDERED THAT Defendant McNulty's motion to strike (dkt. no. 251) is DENIED.

ENTERED THIS 2nd day of August 2012.

_____
UNITED STATES DISTRICT JUDGE