**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TASER INTERNATIONAL, INC., ) | Case No. 2:09-cv-00289-MMD-PAL |
| ) Plaintiff, ) | |
| vs. ) | **ORDER** |
| STRINGER SYSTEMS, INC., et al., ) | |
| ) Defendants. ) | |

    This matter has been informally referred by the district judge to conduct a status and scheduling conference regarding discovery in this matter. This case has a complicated procedural history, the relevant portions of which are summarized below.

    Plaintiff Taser International, Inc. ("Taser") filed the Complaint (Dkt. #1) on February 11, 2009, alleging claims for securities fraud under 15 U.S.C. §78, trade libel/defamation, unfair competition under the Lanham Act, 15 U.S.C. § 1125, abuse of process, and deceptive trade practices against Defendants Stringer Systems, Inc., and James F. McNulty, and Robert Gruder. Defendants filed Motions to Dismiss (Dkt. ##21, 22) on April 2 and 3, 2009. On March 25, 2010, District Judge Dawson entered an Order (Dkt. #36), dismissing Plaintiff's securities fraud claim, and denying the Motions to Dismiss as to the remaining claims. Defendants filed a Joint Answer (Dkt. #37) on April 7, 2010, and an Amended Answer (Dkt. #45) on April 23, 2010.

    Plaintiff and Defendant McNulty filed a Proposed Stipulated Discovery Plan (Dkt. #46) on April 23, 2010, without the participation of Defendants Stinger and Gruder, and the court held a scheduling conference on May 4, 2010. *See* Minutes of Proceeding (Dkt. #50). The court directed the parties to meet and confer concerning their discovery obligations, denied the parties' Stipulated Discovery Plan,

/ / /

and entered its standard Scheduling Order (Dkt. #51), allowing the parties to conduct discovery until August 31, 2010.  The court held frequent status conferences to resolve the parties' many discovery disputes.  *See, e.g.,* Minutes of Proceedings (Dkt. ##61, 74, 88, 91, 113, 150, 162, 173, 184, 239).

On May 20, 2010, Taser filed a Revised Motion for Leave file a Second Amended Complaint (Dkt. #57)[1].  On June 1, 2010, Defendant McNulty filed a Motion for Leave to file a Second Amended Answer (Dkt. #58).  On June 24, 2010, the undersigned conducted a status conference , stating it would address adjustment of the Scheduling Order deadlines once the district judge ruled on the pending Motions to Amend.  On July 22, 2010, the district judge entered an Order (Dkt. #86), granting Taser leave to amend the Complaint, except to the extent it sought to re-assert the previously dismissed securities fraud claim, and granting Defendants leave to file a second amended joint answer.  Taser filed the Second Amended Complaint (Dkt. #89) on July 28, 2010, adding a civil conspiracy claim against the Defendants.  Defendant McNulty filed an Answer to the Second Amended Complaint (Dkt. #92) on August 2, 2010, asserting counterclaims for direct and indirect patent infringement.  Defendants Stringer and Gruder filed a Second Amended Joint Answer (Dkt. #98) on August 17, 2010.

Taser filed a Motion to Dismiss (Dkt. #108) Defendant McNulty's indirect infringement counterclaims on August 26, 2010.  Defendant McNulty filed a Motion to Stay (Dkt. #128) decision on the Motion to Dismiss on September 13, 2010.  On September 21, 2010, Defendants filed a Joint Motion for Partial Summary Judgment (Dkt. #132).  At a status conference on October 7, 2010, the court admonished the parties that they were building unnecessary delay into this case by failing to communicate about their discovery disputes.  *See* Minutes of Proceeding (Dkt. #150).  The court directed the parties to file a comprehensive status report outlining the exact status of discovery on Taser's claims–including a discussion of document production, depositions, document review, and a proposed schedule for completing discovery, including expert reports.  *Id.* at 2.  The parties complied (Dkt. #161), proposing competing discovery plans, and at a status conference on November 9, 2010, the court stated it would review the pending dispositive motions and enter a new scheduling order.  *See*

---

[1]On May 20, 2010, Taser filed a Motion for Leave to File an Amended Complaint (Dkt. #56).  Before that Motion was ruled upon, Taser filed the Revised Motion (Dkt. #57).

1  Minutes of Proceeding (Dkt. #162).  On December 27, 2010, Defendants filed a second Joint Motion
2  for Partial Summary Judgment (Dkt. #170).

3        On December 28, 2010, the court held a status conference, and allowed Plaintiff's expert a
4  forty-five day extension to prepare a report once the district judge's ruled on a pending Motion to
5  Reconsider (Dkt. #166).  Defendants were allowed the same extension to designate an expert for their
6  case-in-chief.  *See* Minutes of Proceeding (Dkt. #173).  Additionally, the court declined to enter an
7  interim scheduling order because of the pending dispositive motions, noting it "would be inclined to
8  give the parties time to finish fact discovery and then additional time to finish expert discovery." *Id.*
9  The court directed the parties to conduct their Rule 26(f) conference on Defendant McNulty's direct
10 patent infringement counterclaims.  In an Order (Dkt. #174) entered December 30, 2010, the court
11 ordered that it would "defer entering a Discovery Plan and Scheduling Order to complete discovery of
12 Taser's claims and Defendants' defenses to those claims given the number of dispositive motions
13 pending likely to impact the scope of discovery." *Id.* at 3:4-6.  The court entered a discovery plan
14 regarding Defendant McNulty's direct infringement claims and stayed discovery on the indirect
15 infringement claims until after decision of the pending dispositive motions.  *Id.* at 3-10.

16       On January 27, 2011, the court held a status conference, noting that the parties were awaiting
17 decisions on the various pending dispositive motions and had no discovery disputes.  *See* Minutes of
18 Proceeding (Dkt. #184).  The court directed counsel to file a joint status report within twenty-one days
19 of the district judge's decision on any one of the pending dispositive motions which detailed their
20 remaining discovery needs.  *Id.*  On March 25, 2011, the district judge entered an Order (Dkt. #187),
21 which, among other things, denied Plaintiff's Motion to Dismiss (Dkt. #108) and directed Defendant
22 McNulty to file an amended counterclaim.  On April 12, 2011, the court adjusted two of the deadlines
23 related to McNulty's direct infringement counterclaims and ordered that the remaining deadlines
24 established by the court's previous Order (Dkt. #174) continued to apply.  McNulty filed an Amended
25 Counterclaim (Dkt. #190) on May 2, 2011.  Taser filed an Answer (Dkt. #192) to the Amended
26 Counterclaim, asserting its own counterclaim against Defendant McNulty for declaratory judgment.

27       On June 17, 2011, Plaintiff filed a Motion to Bifurcate Discovery (Dkt. #200), seeking to allow
28 discovery on Taser's claims to proceed without prejudice to conducting separate discovery on

1   Defendant McNulty's counterclaims.  In an Order (Dkt. #212) entered July 26, 2011, the court denied
2   the Motion to Bifurcate.  On July 29, 2011, the district judge ruled on the pending dispositive motions.
3   *See* Order (Dkt. #213) (granting Defendants' Motion for Partial Summary Judgment on issue of civil
4   conspiracy; granting Defendants Joint Motion for Partial Summary Judgment on the issue of abuse of
5   judicial process; and denying Defendant McNulty's Motion to Dismiss Taser's counterclaim for
6   declaratory judgment).

7          The parties did not comply with the court's Order (Dkt. #184) requiring them to file a joint
8   status report detailing their remaining discovery needs after decision of these motions.  Instead, on
9   September 9, 2011, Defendants filed another Joint Motion for Partial Summary Judgment (Dkt. #217)
10  on the claims in the Second Amended Complaint.  Taser responded and also filed a Motion for Rule
11  56(d) Relief (Dkt. #233) on October 19, 2011.  On November 1, 2011, the court held hearing on
12  pending discovery motions, and compelled Defendants Gruder and Stinger to supplement their
13  discovery responses.  *See* Minutes of Proceeding (Dkt. #239).  The court also compelled McNulty to
14  supplement his responses, and granted Taser's request for discovery sanctions. Neither side indicated
15  they had remaining discovery needs at the hearing.  *Id.* No request for further discovery has been filed.

16         On May 2, 2012, Defendant McNulty filed a Motion for Partial Summary Judgment (Dkt.
17  #248), and on the same day, Defendants filed a Joint Motion for Partial Summary Judgment (Dkt.
18  #253).  On May 24, 2012, Chief Judge Jones reassigned this matter to District Judge Du.  On May 24,
19  2012, Plaintiff filed a Motion for Rule 56(d) Relief (Dkt. #264), asserting that because it only gets "one
20  shot at deposing McNulty, that deposition must necessarily wait until the Court has conducted the
21  *Markman* hearing and construed the patent claims so that the scope of the claims is clearly defined for
22  discovery." *Id.* at 3:22-26.  Plaintiff's 56(d) Motion also sets forth a laundry list of other discovery it
23  needs to conduct.  *See generally* Motion for 56(d) Relief (Dkt. #264) at 6:1-14.  Taser asserts this
24  discovery is necessary to prosecute its claims and to defend against Defendant McNulty's dispositive
25  motions.

26         Plaintiff also filed a Motion (Dkt. #265) requesting a status conference to set a schedule for the
27  completion of discovery.  *Id.* at 12:21-23.  On May 31, 2012, Defendant McNulty joined in Plaintiff's
28  request for a status conference.  *See* Notice (Dkt. #268).  Notwithstanding this joinder, McNulty

opposed Plaintiff's request for discovery pursuant to Rule 56(d), contending Taser had not been diligent in conducting discovery.

On August 1, 2012, the district judge held a status conference at which Plaintiff and Defendant McNulty appeared and agreed that discovery remained open, and a schedule should be set for completion of discovery. *See generally* Minutes of Proceeding (Dkt. #281). This matter was informally referred by the district judge to hold a conference and determine the status of discovery.

On January 27, 2011, the court explicitly ordered the parties to file a joint status report within twenty-one days after the district judge ruled on the then-pending dispositive motions. *See* Minutes of Proceedings (Dkt. #184). Neither party complied with this Order. Now, one year and six months later, the parties *still* have not complied, although both Taser's Motions for Rule 56(d) Relief (Dkt. ##223, 264) indicate that additional discovery is required, and Taser's second Rule 56(d) Motion (Dkt. #264) requests a status conference regarding discovery and a settlement conference. Defendant McNulty's Notice (Dkt. #268) joined in the request for a status and settlement conference. The undersigned did not schedule a status or scheduling conference because Taser requested Rule 56(d) relief in opposition to the Defendants' Joint Motion for Partial Summary Judgment (Dkt. #217), which was pending before the district judge, to avoid potentially inconsistent rulings.

On August 3, 2012, the district judge entered an Order (Dkt. #283) denying Defendants' Joint Motion for Partial Summary Judgment (Dkt. #217). The Order also granted in part and denied in part Taser's first Motion for Rule 56(d) Relief (Dkt. #223). *Id.* The district judge held a *Markman* hearing on August 7, 2012, concerning Defendant McNulty's direct infringement claims and took the matter under submission. *See* Minutes of Proceedings (Dkt. #285).

With this background,

**IT IS ORDERED**:

1. Taser's Motion for a Status Conference (Dkt #265) is GRANTED. A scheduling and status conference is set for **August 21, 2012, at 10:45 a.m.** in Courtroom 3B.

/ / /

/ / /

    2.    Counsel for the parties shall be prepared to address, with specificity, all remaining discovery they require to prepare this case for trial and the amount of time needed.

Dated this 9th day of August, 2012.

                                                                       PEGGY A. LEEN
                                                                       UNITED STATES MAGISTRATE JUDGE